937 F.2d 609
 137 L.R.R.M. (BNA) 3000
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
BROWNSVILLE GARMENT COMPANY, Respondent.
 No. 90-5926.
 United States Court of Appeals, Sixth Circuit.
 July 16, 1991.
 
 Before NATHANIEL R. JONES and SUHRHEINRICH, Circuit Judges and JOINER, Senior District Judge*
 PER CURIAM.
 
 
 1
 This is an action brought by the National Labor Relations Board (the "Board") seeking enforcement of an order entered under 29 U.S.C. Sec. 160(e) requiring Brownsville Garment Company, Inc. ("Brownsville Garment") to: (i) recognize Local 203, International Ladies Garment Workers Union, AFL-CIO ("Union"), as the representative of Brownsville Garment's employees for the purpose of collective bargaining, (ii) enter into negotiations with the Union regarding the terms and conditions of employment of those employees, (iii) offer to hire certain individuals who have previously been denied employment by Brownsville Garment, and (iv) pay those individuals back pay from the time on which they first were denied employment by Brownsville Garment. Brownsville Garment argues that the Board: (1) misapplied the law and its own precedent in determining that Brownsville Garment is Brownsville Manufacturing Company, Inc.'s ("Brownsville Manufacturing") successor; (2) failed to adequately consider evidence indicating Brownsville Garment's good faith doubt concerning the Union's continued majority status, and (3) lacked a reasonable basis for concluding that Brownsville Garment's failure to employ Virgil Manco, Linda Manco, Odeline Van Meter, Angela Webb and Pearl Webb was based on anti-union animus. For the reasons stated below, we GRANT the Board's petition for enforcement of its order.
 
 I.
 
 2
 Brownsville Garment's first contention is that the Board failed to consider the issue of successorship from "the employees perspective" as required by Fall River Dyeing & Finishing Corp. v. NLRB, 482 U.S. 27, 45 (1987). We disagree. In this case, the record reveals that the Board considered all of the factors, both pro and con, which impacted the issue of successorship, including that: Brownsville Garment purchased and used the exact equipment used by Brownsville Manufacturing; the manufacturing process of Brownsville Garment was nearly identical to that of Brownsville Manufacturing; 70%-80% of Brownsville Garment's employees were employees of Brownsville Manufacturing; the supervisory force of Brownsville Garment was similar to that of Brownsville Manufacturing; and the work rules at Brownsville Garment were adopted from those utilized by Brownsville Manufacturing.
 
 
 3
 In finding substantial continuity between Brownsville Manufacturing and Brownsville Garment, the Board a fortiori must have concluded that the employees would have reasonably expected continuity in bargaining rights. See Briggs Plumbingware, Inc. v. NLRB, 877 F.2d 1282, 1285 (6th Cir.1989) ("The focus in a successorship determination is on the substantial continuity in the enterprises."); International Union of Elec., Radio, and Mach. Workers v. NLRB, 604 F.2d 689, 694 (D.C.Cir.1979) (If substantial continuity exists, it follows that employees "legitimately expect a continuity of bargaining rights.").
 
 
 4
 Brownsville Garment also argues that the Board erred in failing to distinguish its previous decision in Radiant Fashions Inc., 202 NLRB 938 (1973). In Radiant Fashion, however, the alleged successor company changed its operations, retrained its employees in new skills, made changes in the old equipment and purchased additional equipment, continued in competition with the predecessor corporation and continued in business at other locations. These factors are either absent in this case or lack in degree militating against a finding of continuity. In sum, we find the Board's conclusion that Brownsville Garment was the successor to Brownsville Manufacturing to be supported by substantial evidence. See Fall River, supra, 482 U.S. at 52.
 
 
 5
 Brownsville Garment's second argument is that the Board erred in finding a duty to bargain when an anti-union petition was signed by over 80% of its employees. However, Brownsville Garment's generalized "exception" to the ALJ's findings in this regard, especially in view of the purpose for which the anti-union petition was originally introduced,[1] inadequate to preserve the issue of "good faith doubt" as to the majority status of the union on appeal. See 29 U.S.C. 160(e); Detroit Edison Co. v. NLRB, 440 U.S. 301, 310-12 n. 10 (1979).
 
 
 6
 Finally, Brownsville Garment argues that the Board's conclusion that its failure to employ Virgil Manco, Linda Manco, Odeline Van Meter, Angela Webb, and Pearl Webb was based on anti-union bias was in error. However, after reviewing the record and the briefs filed by the parties, we conclude that the Board's findings are supported by "substantial evidence." See Briggs Plumbingware, supra, 887 F.2d at 1287.
 
 
 7
 For all of the foregoing reasons, the Board's petition for enforcement of its order is GRANTED.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior District Judge for the United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The signed employee petition was introduced into evidence, not to raise the issue of majority status, but for the purpose establishing an independent violation by the Company by unlawfully soliciting employees to sign an anti-union statement